**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DAVID DINKINS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1980** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION: A (4)** |

**REPORT AND RECOMMENDATION**

This is an action for judicial review of a final decision of the Commissioner of Social Security, pursuant to Title 42 United States Code § 405(g). The Commissioner denied Plaintiff, David Dinkins ("Dinkins") claim filed for a period of disability for Supplemental Security Income ("SSI") and Disability Insurance Benefits under the Title II of the Social Security Act, 42 U.S.C. § 423.

The matter was referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(b), for the submission of Proposed Findings and Recommendations.

## I. Background

Mr. Dinkins is a 37 years 8 months, 220 lb. male with a GED, who has past relevant work as a carpenter helper, electrician helper and foreman at the time of his application. Rec. doc. 7, Tr.173-178. Dinkins filed his application for DIB on July 13, 2020, alleging disability beginning on October 14, 2014. His alleged disability is due to Bipolar II Affective Disorder, Suicidal Ideation, ADHD, Seizures, GERD, Esophagus, Hepatitis C, Social Anxiety, Paranoia, and Insomnia (Rec. doc. 7, Tr. 54).

Mr. Dinkins's claim was initially denied on September 8, 2020. Rec.doc. 7, Tr. 52. His claims were also denied on reconsideration on November 19, 2020. Rec. doc.7 Tr. 81. Mr.

Dinkins's claim was denied for reconsideration on March 17, 2021. Rec. doc. 7, Tr. 70. Plaintiff requested a hearing before an ALJ. *Id.* at. Rec. doc. 7, Tr. 81-85. A hearing took place on January 4, 2022, by telephone due to COVID-19. R. doc. 7. At that time, the claimant amended the alleged onset date of disability to July 13, 2020. R.doc.7. Tr.144

As a result, he would not be entitled to a period of disability and disability insurance benefits under Title II of the Social Security Act because the claimant would not have disability insured status on the date of onset (20 CFR 404.130, 404.131, and 404.315). By letter dated December 22, 2021, the claimant, through his representative, voluntarily elected to withdraw his request for hearing as it pertains to the application for a period of disability and disability insurance benefits. Therefore, the Court found that the portion of the claimant's request for hearing under Title II of the Social Security Act based on the claim for a period of disability and disability insurance benefits under section 216(i) and 223(a) of the Social Security Act was DISMISSED. R. doc. 7.

Regarding the claim for Social Security Income Benefits, the ALJ determined that Dinkins had not engaged in substantial gainful activity since July 13,2020, the amended alleged date. Finding1, R.doc. 7. The ALJ further found that Dinkins' severe impairment is schizoaffective disorder. Finding 2, *Id*. The ALJ further found that Dinkins did not have an impairment or combination of impairments that meets or medical equals the severity of one of the listed impairments. Finding 3, *Id*.

In finding Four, the ALJ determined that after careful consideration of the entire record, that Dinkins has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations. The limitations included that he could understand, remember and carry out simple, routine, repetitive tasks, no close coordination with

co-workers and supervisors meaning occasional interaction, no public interaction in a routine work setting and would have difficulties and concentration persistence and pace up to 20% of the workday. Finding 4, *Id*. The ALJ further determined that Dinkins had no past relevant work, was a young individual with at least a high school education. Findings 5,6,7, *Id*.

The transferability of job skills was not an issue. Finding 8*, Id*. The ALJ found that given Dinkin's age, education, work experience and residual functional capacity, there were no jobs that exist in significant numbers in the national economy. Finding 9, *Id*. Finally, on May 11, 2022, the ALJ found that Dinkins has been under a disability since July 13, 2020, the amended alleged onset date of disability. Finding 10, Tr. 36.

On June 30, 2022, the ALJ issued an Amended decision where he approved the agreement between Dinkins and his representative subject to the condition that the claim results in past due benefits. R. doc. 7, Tr. 18. On June 30, 2022, the ALJ noted he was notified by the Field Office that Dinkins did not file an SSI application on July 13, 2020. Rather on that date, after an inquiry, he was given until October 13, 2020, to file an SSI application with July 13, 2020, as the protective filing date but he did not do so. R. doc. 7, Tr. 19.

The ALJ thereafter amended the original decision to reflect that because the application for SSI was filed on May 25, 2021, Dinkins has been disabled since July 13, 2020. The ALJ also found that the benefits do not become payable until one month after the application was filed. Dinkins's appeal was denied by the council on January 17, 2023. R. doc.7, Tr. 1. Thereafter, Dinkins filed a complaint on September 23, 2025, contending that the ALJ decision was not based on substantial evidence. See Rec. doc. 1.

## II. <u>Standard of Review</u>

The role of this Court on judicial review under Title 42 U.S.C. § 405(g) is limited to determining whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner applied the proper legal standards when evaluating the evidence. *See Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). The Court may not re-weigh the evidence, try issues *de novo*, or substitute its judgment for that of the Commissioner. *Allen v. Schweiker*, 642 F.2d 799, 800 (5th Cir. 1981). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989). However, an ALJ's failure to apply the correct legal test constitutes a ground for reversal. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

Substantial evidence is more than a scintilla and less than a preponderance and is considered relevant such that a reasonable mind might accept it as adequate to support a conclusion. *Ripley v. Chater,* 67 F.3d, 552, 555 (5th Cir. 1995); citing *Richardson v Perales*, 402 U.S. 389, 401 (1971). It must do more than create a suspicion of the existence of the fact to be established, but no "substantial evidence" will be found when there is only a "conspicuous absence of credible choices" or "contrary medical evidence." *See Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973); *Hemphill v. Weinberger*, 483 F.2d 1137, 1138 (5th Cir. 1973). However, a single piece of evidence will not satisfy the substantiality test if the ALJ ignores, or fails to resolve, a conflict created by countervailing evidence. Evidence is not substantial if it is overwhelmed by other evidence, particularly evidence offered by treating physicians. *Franklin v. Soc. Sec. Admin.*, No. 12-2681, 2013 WL 5739078, at *2 (E.D. La. Oct. 22, 2013); citing *Kent v. Schweiker,* 710 F.2d 110, 114 (3rd Cir. 1983).

## III. Analysis

### A. Plaintiff's entitlement to a Protective Filing date of July 13, 2020 for his Social Security Income Claim

Dinkins contends that the ALJ decision that he was not entitled to a protective filing date of July 13, 2020, is not based on substantial evidence. He further contends that the ALJ's reliance on one piece of evidence, an unsigned letter, purportedly assigning the decision not to file an SSI application to Dinkins defines logic because it was the only benefit, he could have been entitled to Dinkins further contends that the DDs and the SSA Field office failed to follow the mandatory procedure per POMS DI 20101.001 and POMS DI 11010.075 which required the issuance of a non-medical denial at the time the claimant filed his application. Plaintiff claims that the letter of July 28, 2020, state that "you told us you do not want to file a claim for SSI". R. doc. 11.

The Commissioner contends that while Dinkins asked the agency to find an earlier filing date of July 13, 2020, based on an application for disability insurance benefits, however, the request was correctly denied. Rec. doc. 17. The Commissioner notes that the earlier protective filing date could entitle Dinkins to more benefits. *Id*. The Commissioner contends that the ALJ properly found that the notice provided by the agency was sufficient to inform Dinkins of his filing responsibilities. R. doc. 17. Therefore, the ALJ decision, according to the Commissioner, is based on substantial evidence.

Title 20 § 416.340 provides that an application form signed by you or by a person who may sign an application for you is filed with SSA within 60 days after the date of a notice, SSA will send telling of the need to file an application. The notice will say that they will make an initial determination of eligibility for SSI benefits if an application form is filed within 60 days after the

date of the notice. (We will send the notice to the claimant or, where he or she is a minor or incompetent, to the person who made the inquiry.)

The notice in the record, dated July 28, 2020, indicates that Dinkins spoke with a representative at the administration about his eligibility for Supplemental Security Income. R. doc. 7, Tr. 1148. It further advises that the administration decided that he was not eligible for SSI and that it was an informal decision. *Id*. According to the ALJ " the claimant indicated that he did not want to file a claim for SSI" and the Field office made a decision that he was not entitled to SSI. *Id.* at 988.

However, a clear reading of the letter suggests that Dinkins inquired about Social Security Income and <u>was told that he was not eligible</u>. The letter also strangely suggested that if he wanted a decision, he must do so by October 13, 2020. Certainly the letter provided misinformation. There is nothing in the letter that suggested Dinkins did not want to seek SSI as suggested by the ALJ's opinion. Contrary to the ALJ's finding that Dinkins, within the 60 day period, did not express interest in SSI, the record suggests otherwise and the letter provided misinformation.

Further, the Court finds that the evidence suggests that Dinkins application should at the very least be considered protectively filed as of July 28, 2020, the date of the letter that stated he inquired by telephone about his eligibility for SSI benefits. *Id.* Title 20 C.F. R. §416.351(a) provides that a claimant will be deemed to have filed for SSI in a case where they were given misinformation and deemed the date the misinformation was given.

In this case, the date of misinformation occurred July 28, 2020, when he was advised that he was not entitled to SSI. This finding is consistent with the regulations which provides that it is the date of the misinformation and not the date his application for disability insurance benefit

was filed. Therefore, the Court finds that Dinkins is entitled to Social Security Income Benefits from July 28, 2020.

## IV. Recommendation

**IT IS RECOMMENDED** that the decision of the Administrative Law Judge be **REVERSED and SOCIAL SECURITY INCOME BENEFITS BE AWARDED RETROACTIVELY FROM JULY 28, 2020 for reasons consistent with this opinion.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 24 day of July, 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.